UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEITH A. LEBOW,

                              Plaintiff,

          – against –

MICHAEL J. ASTRUE, as Commissioner of the
United States Social Security Administration,

                            Defendant.

**OPINION AND ORDER**

13-CV-5895 (ER)

---

RAMOS, D.J.:

      Before the Court is the Report and Recommendation ("R&R") dated March 9, 2015 of Magistrate Judge Frank Maas, to whom this matter was referred for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Keith A. Lebow's ("Plaintiff") application for disability insurance benefits ("DIB"). In the R&R, Judge Maas recommends granting in part Lebow's motion for judgment on the pleadings, and denying Commissioner's cross-motion. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

    **I. Background**

      On May 24, 2011, Plaintiff filed an application for DIB. R&R, Doc. 20 at 2. After his application was denied on August 16, 2011, Plaintiff requested a *de novo* hearing before an Administrative Law Judge ("ALJ"). *Id.* On May 11, 2012, a hearing was held before ALJ Mark Solomon ("ALJ Solomon"), who issued a written decision in which he concluded that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). *Id.* The Appeals

Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commission on July 12, 2013. *Id*. Plaintiff commenced the present action on August 21, 2013 seeking review of the Commissioner's decision. *Id*.

On March 9, 2015, Judge Maas issued his R&R, recommending that the Commissioner's cross-motion be denied and Plaintiff's motion be granted in part to the extent of remanding the case to the Commissioner for proceedings consistent with his analysis.[1] *Id*. at 14. Specifically, he found that the matter should be remanded due to the Appeals Council's failure to explain its decision not to reevaluate the ALJ's findings based on new and material evidence pertaining to Plaintiff's condition. *Id*. at 13.

The R&R noted that objections, if any, would be due within fourteen days from service of the R & R and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id*. at 15. Neither the Plaintiff, nor the Defendant filed objections. They have therefore waived their right to object to the R&R. *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008).

## II.     Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and

---

[1] Judge Maas denied Plaintiff's request to remand the case for a hearing before a different ALJ. Doc. 20 at 15 n.6.

recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. Conclusion

No party has objected to the R&R. The Court has reviewed Judge Maas' thorough R&R and finds no error, clear or otherwise. Judge Maas reached his determination after a careful review of the parties' submissions. Doc. 20 at 10-14. The Court therefore ADOPTS Judge Maas' recommended judgment regarding the motions for judgment on the pleadings for the reasons stated in the R&R and REFERS back to Judge Maas future applications, if any are filed.

The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997)).

It is SO ORDERED.

Dated: March 27, 2015
New York, New York

Edgardo Ramos, U.S.D.J.